**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JARVIS POSTLEWAITE, #R-25461, | ) | |
| and DAMEON COLE, #R-13404, | ) | |
| *also known as* DIVINE DESIRE COLE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-01281-JPG |
| | ) | |
| SALVADOR GODINEZ, DR. KAY, | ) | |
| STEVEN B. DUNCAN, DR. COE, | ) | |
| BETH TREDWAY, MS. DAVIS, | ) | |
| C. RAKI, LIEUTENANT RAY, | ) | |
| and JEFFERY MOLENHOUR, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiffs Jarvis Postlewaite and Dameon Cole[1] jointly filed a pleading, entitled "Petition for Preliminary Injunction Relief and to Show Cause for a Temporary Restraining Order" (Doc. 1), which is now before the Court for consideration. In the petition, Plaintiffs seek a prison transfer for numerous reasons that are not common to both. Before the Court can decide this petition, several preliminary matters must be addressed.

First, Plaintiffs failed to pay a filing fee for this action at the time they filed their petition. Second, they also failed to file a complaint. Finally, Plaintiffs filed their petition jointly, but did not indicate whether they intend to proceed in a single action together or separately. A discussion of each of these preliminary matters is followed by a discussion of the pending petition and request for immediate injunctive relief below.

---

[1] Plaintiff's legal name is Dameon Cole. However, Plaintiff Cole claims to be a transgender inmate, who prefers to be called Divine Desire Cole. Although the Court must use Plaintiff's legal name, feminine pronouns will be used in reference to Plaintiff Cole.

**Discussion**

**1.     IFP Status**

Plaintiffs *each* incurred the obligation to pay a filing fee[2] for this action at the time they filed their petition.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  The fact that Plaintiffs filed the petition jointly does not relieve either of this obligation. They have two options for paying the fee.  Each Plaintiff can either prepay the full filing fee of $400.00, which includes an administrative fee of $50.00, or seek leave to pay a reduced fee of $350.00, which excludes payment of the $50.00 administrative fee, over time according to a statutory formula by filing a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion").  Plaintiffs did neither.

On November 17, 2014, the Clerk of this Court notified both Plaintiffs in writing of their obligation to pay the filing fee (Doc. 2).  They were given thirty (30) days to pay the $400.00 fee in full or to file a properly completed IFP Motion.  The Clerk advised Plaintiffs that failure to do one or the other could result in dismissal of their case.  This deadline has not yet passed.

The obligation remains.  So that there is no confusion about each Plaintiff's responsibility for paying this fee, the Court shall enter an order that is consistent with the Clerk's instructions, with a new deadline that is slightly extended, as follows: Plaintiffs are hereby **ORDERED** to pay the full $400.00 filing fee for this action or to file a properly completed IFP Motion **on or before December 30, 2014**.  Failure to do so will result in dismissal and the imposition of a $400.00 filing fee for the action.  Further, regardless of whether each Plaintiff files an IFP Motion, a

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.  A litigant who is granted IFP status, however, is exempt from paying the $50.00 fee.

separate order shall issue for the deduction of payments from each Plaintiff's prison trust fund account until the fee is paid in full.  *See* 28 U.S.C. § 1915(b).

**2.     Complaint**

Despite the fact that both Plaintiffs have filed numerous lawsuits in this District and others and, presumably, share considerable litigation experience between the two, they neglected to file a complaint in this action.[3]  Plaintiffs did not file a complaint with their petition. No complaint has since been filed.  Further, the instant petition, which was filed without a case number listed on the cover page, lacks sufficient overlap in claims and parties to belong in another one of the pending lawsuits.

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court."  FED. R. CIV. P. 3.  In fact, "the first step in the action is the filing of the complaint."  *Id.*, Advisory Committee Notes, 1937 Adoption.  Without one, the Court cannot ascertain the basis for jurisdiction.  *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). More to the point, the Court cannot consider an application for injunctive relief in the absence of a viable complaint.

Therefore, the Court must first determine whether a viable claim has been stated by either Plaintiff before deciding whether injunctive relief should be granted.  This requires the Court to

---

[3] According to the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), Plaintiff Postlewaite has filed the following lawsuits: *Postlewaite v. Godinez, et al.*, Case No. 13-cv-06376 (N.D. Ill., filed Sept. 5, 2013); *Postlewaite v. Godinez, et al.*, Case No. 13-cv-08756 (N.D. Ill., filed Dec. 6, 2013); *Postlewaite v. Godinez, et al.*, Case No. 14-cv-02572 (N.D. Ill., filed April 9, 2014); *Postlewaite v. Godinez, et al.*, Case No. 14-cv-00501 (S.D. Ill., filed April 29, 2014); *Postlewaite v. Cole, et al.*, Case No. 14-cv-00717 (S.D. Ill., filed June 20, 2014); *Postlewaite v. Duncan*, Case No. 14-cv-00839 (S.D. Ill, filed July 24, 2014); *Postlewaite v. Tredway, et al.*, Case No. 14-cv-00930 (S.D. Ill., filed Aug. 25, 2014).  Plaintiff Cole has filed the following actions: *Cole v. Quinn, et al.*, Case No. 12-cv-00686 (S.D. Ill., filed June 6, 2012); *Cole v. Johnson, et al.*, Case No. 14-cv-01059 (S.D. Ill., filed Oct. 1, 2014).  *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

conduct a preliminary review of the pleading under 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.   28 U.S.C. § 1915A(b).  When reviewing the allegations in light of this standard, the Court finds that the petition states several viable constitutional claims.

A separate discussion of each Plaintiff's claims is appropriate, particularly given the organization of the petition.  Attached to the petition are two exhibits.  The first, i.e., "Exhibit A-1," sets forth those claims raised by Plaintiff Postlewaite (Doc. 1, pp. 2-4).   The second, i.e., "Exhibit B-1," sets forth those claims raised by Plaintiff Cole (Doc. 1, pp. 5-7).  Given this clear organization of the petition into two sets of claims that are specific to each Plaintiff, the Court deems it appropriate to divide its discussion of the claims into two separate sections, according to each Plaintiff.

### Postlewaite's Claims

Exhibit A-1 outlines the following counts that are suggestive of a civil rights complaint brought pursuant to 42 U.S.C. § 1983:

**Count 1:** **Defendants Davis and Tredway were deliberately indifferent to Plaintiff Postlewaite's need for mental health treatment for auditory delusions, depression, and anger, in violation of the Eighth Amendment (Doc. 1, p. 2);**

**Count 2:** **Defendant Duncan failed to protect Plaintiff Postlewaite from inmate assaults arising from his lack of hygiene, in violation of the Eighth Amendment, by denying his emergency grievances seeking protective custody (Doc. 1, p. 3);**

Count 3:    Defendant Godinez ignored or denied Plaintiff Postlewaite's grievances seeking mental health treatment and protective custody (Doc. 1, p. 3);

Count 4:    Defendant "Transfer Coordinator" ignored Plaintiff Postlewaite's request for a prison transfer that he claims was necessitated by "reckless acts," poor mental health/medical care, denial of protective custody, false accusations of gang affiliation, and loss of personal property (Doc. 1, p. 3); and

Count 5:    Defendant Counselor Ray[4] subjected Plaintiff Postlewaite to "blunt discrimination" and retaliation after Plaintiff named him in a lawsuit (Doc. 1, p. 3).

**Claims Subject to Further Review**

After carefully considering the allegations in support of each claim, the Court finds that **Count 1** states a viable claim against Defendants Davis and Tredway, and **Count 2** states a viable claim against Defendant Duncan. Accordingly, Plaintiff Postlewaite shall be allowed to proceed with these claims. As will be explained in more detail below, however, the claims are unrelated to one another and shall be severed into separate actions.

**Claims Subject to Dismissal**

### Count 3 – Denial of Grievances

No viable claim has been stated against Defendant Godinez for ignoring or denying Plaintiff Postlewaite's grievances complaining about the denial of mental health treatment or protective custody. Plaintiff does not sue Defendant Godinez in his individual capacity for monetary damages. Even if he had done so, the individual capacity claim against Defendant Godinez would fail, based on the allegations in the petition.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or

---

[4] The case caption refers to "Lieutenant Ray," but the body of the petition repeatedly refers to "Counselor Ray." For that reason, the Court will refer to this defendant throughout the Order as "Counselor Ray."

participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  The doctrine of *respondeat superior* does not apply to actions filed under Section 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).  No allegations suggest that Defendant Godinez personally participated in denying Plaintiff mental health treatment or denying him access to protective custody.  By all indications, Defendant Godinez, who is the director of the Illinois Department of Corrections, reviewed and signed off on the denial of these grievances.  However, the alleged mishandling or denial of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Further, although allegations that senior officials were responsible for creating policies, practices or customs that resulted in a constitutional deprivation may suffice to establish personal involvement for purposes of Section 1983 liability, there is no indication in the petition that Defendant Godinez created such policies, practices, or customs.  *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002).  Accordingly, no individual capacity claim has been stated against him.

Plaintiff Postlewaite instead seeks injunctive relief, in the form of a prison transfer away from Lawrence Correctional Center, because he has been denied mental health treatment and protective custody.  Normally, the warden of the prison--not the IDOC director--is the proper defendant in an action seeking injunctive relief.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).  It is therefore unnecessary to name Defendant Godinez in connection with this request.  **Count 3** shall therefore be dismissed without prejudice against Defendant Godinez.

### Count 4 – Denial of Prison Transfer

Plaintiff Postlewaite's claim against Defendant "Transfer Coordinator" for denying his request for a prison transfer shall be dismissed.  The allegations in support of this claim are vague and do not indicate when the requests were made, what information was relayed, or what response was provided.  Without this basic information, this defendant is not put on adequate notice of the claim and cannot properly respond.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

In addition, "prisoners possess neither liberty nor property in their classifications and prison assignments.  States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).  In other words, the Transfer Coordinator had discretion to house Plaintiff Postlewaite in any institution, not the institution of his choice.  Under the circumstances, **Count 4** shall be dismissed without prejudice.

### Count 5 – Discrimination and Retaliation

Finally, Plaintiff Postlewaite's bald assertion that Defendant Counselor Ray subjected him to "blunt discrimination" after Plaintiff Postlewaite named him as a defendant in another lawsuit fails to state any claim for relief against Defendant Counselor Ray (Doc. 1, p. 3). The petition is devoid of any factual allegations in support of this assertion.  The reason that plaintiffs, even those proceeding *pro se,* for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  "Federal Rule of Civil Procedure

8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).   Thus, where a plaintiff has not included a defendant in his statement of the claim, or included only conclusory legal statements against him, the defendant cannot be said to be adequately put on notice of the claims, sufficient to answer the complaint.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Further, to plead a retaliation claim, a plaintiff must state enough of the bare facts in the complaint to apprise the defendants of the claims brought against them.  *Beanstalk Group Inc. v. AM Gen. Corp.,* 283 F.3d 856, 863 (7th Cir. 2002); *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999).   In the prison context, where an inmate is alleging retaliation, it is not enough to simply state the cause of action.   The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice.  *Id.* Although Plaintiff Postlewaite alleges that he was subjected to retaliation for suing Defendant Counselor Ray, he provides no information about the retaliatory acts—beyond claiming that they constitute "blunt discrimination."  This is simply not enough to state a claim, even at this early stage.   Plaintiff Postlewaite's retaliation and discrimination claim in **Count 5** against Defendant Counselor Ray shall therefore be dismissed without prejudice.

<u>Cole's Claims</u>

Exhibit B-1 outlines the following counts that are suggestive of a civil rights complaint

pursuant to 42 U.S.C. § 1983:

**Count 6:**      **Defendant     Tredway     was     deliberately     indifferent     to
Plaintiff Cole's need for mental health treatment for multiple
personality disorder, depression, and general disorientation, in
violation of the Eighth Amendment (Doc. 1, p. 6);**

**Count 7:**      **Defendant Coe failed to properly monitor Plaintiff Cole's
prescription hormone medication after prescribing it, in
violation of the Eighth Amendment (Doc. 1, p. 6);**

**Count 8:**      **Defendants Duncan, Davis, and Dr. Kay refused to provide
Plaintiff Cole with adequate mental health treatment for issues
surrounding her transgender status, in violation of the
Eighth Amendment (Doc. 1, pp. 6-7);**

**Count 9:**      **Defendant Molenhour failed to protect Plaintiff Cole, in
violation of the Eighth Amendment, by ignoring her concerns
regarding known enemies and/or a prior alleged sexual assault
by an inmate who lied to Plaintiff Cole about being HIV-
positive in order to have sex with her (Doc. 1, p. 7);**

**Count 10:**     **Defendant Godinez ignored Plaintiff Cole's emergency
grievances addressing the IDOC's policies for housing
transgender inmates and her specific requests for placement in
protective custody, also in violation of the Eighth Amendment
(Doc. 1, p. 5).**

<u>**Claims Subject to Further Review**</u>

After carefully considering the allegations, the Court finds that **Counts 6, 7, 8, 9** and **10**

against Defendants Tredway, Coe, Duncan, Davis, Dr. Kay, Molenhour, and Godinez shall

receive further review under Section 1915A.  With that being said, Plaintiff Cole's claims in

Counts 6-10 are quite clearly unrelated to those claims raised by Plaintiff Postlewaite in

Counts 1-5.  Moreover, they appear to be unrelated to one another--and, in some instances,

closely linked to claims already raised by Plaintiff Cole in other pending lawsuits.

Because Counts 1-5 and Counts 6-10 are raised by different Plaintiffs against different Defendants for wholly unrelated conduct, the Court deems it necessary to sever Counts 6-10 from this action, as discussed in more detail in the "Severance" section.

**3.     Defendant C. Raki**

Although the case caption refers to C. Raki, there is no mention of this defendant in the narrative portion of the petition.   Merely invoking the name of a potential defendant is insufficient to state a claim against him or her.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Without allegations to support a claim against this party, Defendant Raki shall be dismissed without prejudice.

**4.     Severance**

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)).   Plaintiffs' joint petition, which the Court construes as a complaint filed pursuant to Section 1983, contains an unwieldy ten claims against nine defendants.   Plaintiff Postlewaite's claims are clearly unrelated to Plaintiff Cole's claims. Moreover, Plaintiff Postlewaite's claims are unrelated to one another; he sues different defendants for different conduct.  Likewise, Plaintiff Cole's claims are unrelated to each other. For this reason, severance is appropriate.

<u>**Severance of Postlewaite's Claims**</u>

As for Plaintiff Postlewaite's claims, Counts 1, 3, 4, and 5 shall be addressed in this action.    Of these claims, only Count 1 survives threshold review at this time.

Accordingly, Count 1 against Defendants Davis and Tredway shall proceed in this lawsuit. Counts 3, 4, and 5 against Defendants Godinez, "Transfer Coordinator," and Counselor Ray shall be dismissed without prejudice from this action.  So that Defendants can more effectively respond to the allegations against them, Plaintiff Postlewaite will be required to file a First Amended Complaint in this action that focuses only on Count 1; he must follow the instructions set forth in the "Disposition" when preparing the amended pleading.

Because Count 2 raises an unrelated claim against a different defendant, it shall be severed into a new case, consistent with the instructions in the "Disposition." Accordingly, Count 2 against Defendant Duncan shall proceed in a separate action.

Plaintiff Postlewaite shall have the opportunity to voluntarily dismiss the newly severed case, if he does not wish to proceed or incur another filing fee[5] for the additional case.  If he chooses to proceed, it will also be necessary to file a First Amended Complaint in the severed case that addresses Count 2.  Plaintiff Postlewaite must comply with the instructions and deadlines for doing so in the "Disposition."  The First Amended Complaint shall be subject to preliminary review under 28 U.S.C. § 1915A, including further severance of claims and/or dismissal.

### Severance of Cole's Claims

Consistent with *George* and Federal Rule of Civil Procedure 21, Counts 6-10 shall each be severed into five separate actions, according to the instructions set forth in the "Disposition." Plaintiff Cole asserted these claims against different defendants for unrelated conduct. As pleaded, these claims should not proceed in the same action together.

---

[5] A filing fee will be required for the newly severed case.  If he proceeds with the severed action, Plaintiff Postlewaite will be required to either prepay the full filing fee of $400.00 or request leave to proceed IFP and pay a reduced fee of $350.00.  If Plaintiff Postlewaite instead seeks voluntary dismissal of the severed case in a timely manner, he will not be obligated to pay the fee.

Plaintiff Cole shall have the opportunity to voluntarily dismiss any, or all, of the newly severed cases, if she does not wish to proceed on any of those claims or incur more than one filing fee[6] for the additional cases. If she chooses to proceed, it will be necessary to file a First Amended Complaint in each of the severed cases. Plaintiff Cole shall be required to comply with the instructions and deadlines for doing so, as discussed in more detail below in the "Disposition." Each First Amended Complaint shall be subject to preliminary review under 28 U.S.C. § 1915A, including further severance of claims and/or dismissal.

**5.     Request for TRO/Preliminary Injunction**

Having determined that the petition constitutes a viable complaint, the Court has jurisdiction to address the joint request by Plaintiffs Postlewaite and Cole for a temporary restraining order and/or preliminary injunction. Both Plaintiffs seek injunctive relief, in the form of a prison transfer. In support of this request, they generally point to the conduct giving rise to their claims.

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than fourteen days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

---

[6] Like Plaintiff Postlewaite, Plaintiff Cole became obligated to pay the filing fee for this action at the time she filed her joint petition. The severance of her five claims does not relieve her of this obligation. Therefore, one of the five filing fees is now unavoidable. That filing fee obligation will attach to the first severed case (i.e. the claim described below as Count 6). Plaintiff Cole's obligation to pay a filing fee for any of the other four newly-opened cases is triggered: (1) if she chooses to proceed with that action; *or* (2) fails to notify the Court in writing of her intent to voluntarily dismiss it within the time prescribed in the "Disposition."

In contrast, a preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion.  FED. R. CIV. P. 65(a)(1).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).  *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

The Court does not deem it necessary, or even appropriate, to grant the joint request for relief at this time.  The allegations in the joint petition pertain to two separate Plaintiffs.  It is unclear what immediate concerns prompted the request for relief on behalf of either.  Both Plaintiffs raise numerous complaints against many officials.  However, neither explains why a prison transfer is needed on an emergency basis or how it will address their concerns.

Plaintiff Postlewaite has been allowed to proceed on his mental health treatment claim (Count 1) and his failure to protect claim (Count 2).  Given the lack of allegations suggesting imminent or immediate harm, however, the Court is not inclined to grant his motion for injunctive relief at this time.  His most concerning allegation is that he "might" hurt himself.  Plaintiff Postlewaite does not claim that he has a history of harming himself, a history of suicidal ideations, current symptoms, or otherwise.  Although the Court takes such allegations very seriously, the particular allegations in this petition are simply too vague to warrant intervention at this time.

Plaintiff Postlewaite's claim that he has been denied adequate protection against physical assault by fellow inmates is even less compelling.  He provides no description of events that

suggests a recent history of assaults, an impending threat of harm, or actual harm. He claims to have been assaulted in the past but fails to describe when, where, or under what circumstances. Without more, the Court declines to grant his request for a TRO and/or preliminary injunction.

Plaintiff Cole's allegations in support of this request are equally vague. She fails to describe any recent incident warranting a prison transfer. She has raised five unrelated claims in this action, and she does not indicate which of these claims gives rise to her request for a prison transfer.

Although the Court declines to issue injunctive relief at this time, in the form of a TRO or preliminary injunction, the denial of this request is without prejudice. Either Plaintiff is free, at any time during the pendency of their case(s), to file a motion for TRO or preliminary injunction. Until this jointly-filed, multi-claim, multi-defendant lawsuit is properly streamlined through the severance of unrelated claims into new cases, however, the Court deems this drastic form of relief to be inappropriate and unwarranted. Should either Plaintiff's circumstances change, he or she is free to file a new motion.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff Postlewaite's and Cole's request for injunctive relief, in the form of a preliminary injunction or a temporary restraining order, is **DENIED** without prejudice.

**IT IS ORDERED** that Plaintiff Postlewaite's claims, including **Counts 3, 4,** and **5**, are **DISMISSED** without prejudice from this action for failure to state a claim upon which relief can be granted. Defendants **GODINEZ, COUNSELOR RAY,** and **C. RAKI** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the **only claim remaining in this action is the**

**claim in COUNT 1 against Defendants TREDWAY and DAVIS for denying Plaintiff Postlewaite's access to mental health care for his auditory delusions, depression, and anger, in violation of the Eighth Amendment**.   This case shall now be captioned: **Jarvis Postlewaite, Plaintiff, vs. Davis, and Tredway, Defendants**.   So that Defendants can more easily respond to the allegations pertaining to this claim, Plaintiff Postlewaite is **ORDERED** to file a First Amended Complaint in this action that focuses only on Count 1, according to the instructions and deadlines for doing so below in the section entitled "First Amended Complaints."

IT IS ALSO ORDERED that Defendants **DUNCAN, COE, DR. KAY,** and **MOLENHOUR** are **TERMINATED** from *this* action with prejudice.

1.      **Severance**

IT IS HEREBY ORDERED that Plaintiff Postlewaite's second claim, i.e., **Count 2**, is **SEVERED** into a new case, which presents the following claim and is subject to preliminary review under 28 U.S.C. § 1915A, upon receipt of a First Amended Complaint:

> Count 2:      **Defendant Duncan failed to protect Plaintiff Postlewaite from inmate assaults arising from his lack of hygiene, in violation of the Eighth Amendment, by denying his emergency grievances seeking protective custody (Doc. 1, p. 3).**

IT IS FURTHER ORDERED that Plaintiff Cole's claims, including **Counts 6, 7, 8, 9,** and **10**, are **SEVERED** into five new cases.   The five new cases present the following claims, which are also subject to preliminary review under 28 U.S.C. § 1915A, upon receipt of a First Amended Complaint in *each* of the new cases:

> Count 6:      **Defendant Tredway was deliberately indifferent to Plaintiff Cole's need for mental health treatment for multiple personality disorder, depression, and general disorientation, in violation of the Eighth Amendment;**

Count 7:        Defendant Coe failed to properly monitor Plaintiff Cole's prescription hormone medication after prescribing it, in violation of the Eighth Amendment;

Count 8:        Defendants Duncan, Davis, and Dr. Ray refused to provide Plaintiff Cole with adequate mental health treatment for issues surrounding her transgender status, in violation of the Eighth Amendment;

Count 9:        Defendant Molenhour failed to protect Plaintiff Cole, in violation of the Eighth Amendment, by ignoring her concerns regarding known enemies and/or prosecuting an inmate for sexual assault who lied to Plaintiff Cole about being HIV-positive in order to have sex with her;

Count 10:       Defendants Godinez ignored Plaintiff Cole's emergency grievances addressing the IDOC's policies for housing transgender inmates and her specific requests for placement in protective custody, also in violation of the Eighth Amendment.

The newly opened cases **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings.  In each new case, the **CLERK** is **DIRECTED** to file the following documents:

(1)     This Memorandum and Order; and

(2)     Petition for Preliminary Injunction Relief and Order to Show Cause for

TRO (Doc. 1).

Plaintiffs are both advised that if, for any reason, he or she does not wish to proceed with any of the newly opened cases, that Plaintiff must notify the Court in writing **on or before December 30, 2014**.  Otherwise, Plaintiffs **will be responsible for an additional $400.00[7] filing fee** in each new case opened in that Plaintiff's name.

**2.      First Amended Complaints**

So that Defendants can more easily respond to the specific allegations against them, both

---

[7] As previously stated, this fee is reduced by $50.00 to $350.00, if a litigant is granted IFP status.  Also as previously stated, Plaintiff Cole's filing fee obligation for this action attaches to the first of five severed cases, i.e., that case addressing Count 6.

Plaintiffs are hereby **ORDERED** to file a First Amended Complaint in *each* of the actions associated with that Plaintiff.[8]  The First Amended Complaint in every case is due **on or before December 30, 2014.**   The First Amended Complaint supersedes and replaces the petition (Doc. 1).  It must therefore stand on its own.

Should a Plaintiff decide to file an amended complaint, it is strongly recommended that he or she use the forms designed for use in this District for such actions.  Plaintiff should label the form, "First Amended Complaint," and use the case number assigned to that particular action.  The First Amended Complaint is subject to preliminary review, including dismissal and further severance if appropriate, under 28 U.S.C. § 1915A.   Service shall not be ordered on Defendants in any case until the Court completes preliminary review of the First Amended Complaint in that case.  Should a Plaintiff fail to file a First Amended Complaint at all, within the allotted time, or consistent with these instructions, the entire case shall be dismissed with prejudice.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.   If a Plaintiff instead opts to voluntarily dismiss a case (other than the action for which that Plaintiff has already been assessed a fee)  within the time allotted for doing so in this Order, no filing fee will be assessed for that case.

For each of the First Amended Complaints, Plaintiffs should focus only on the claims allowed to proceed in that particular action.  Plaintiffs should specify, *by name*, each defendant alleged to be liable under the Count, as well as a brief statement of the actions alleged to have been taken by that Defendant.  Plaintiffs should attempt to include the facts of the case in

---

[8] Plaintiff Postlewaite is required to file a First Amended Complaint in this action, which addresses Count 1; he is also required to file a First Amended Complaint in the newly severed case that addresses Count 2.  Plaintiff Cole is required to file a First Amended Complaint in each of the five newly opened cases in his name.

chronological order, inserting each Defendant's name where necessary to identify the actors. Plaintiffs should refrain from filing unnecessary exhibits. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiffs to comply with this order, the Clerk is **DIRECTED** to provide Plaintiff Postlewaite two (2) blank civil rights complaint forms and mail Plaintiff Cole five (5) blank civil rights complaint forms.

**When filing a First Amended Complaint, each Plaintiff should be careful to list the appropriate case number on the cover page.**

**3.      Filing Fee or IFP Motion**

Plaintiffs are hereby **ORDERED** to pay the full $400.00 filing fee for each action or file a properly completed IFP Motion on or before **December 30, 2014**. Failure to do so will result in dismissal and the imposition of a $400.00 filing fee for the action. Further, regardless of whether each Plaintiff files an IFP Motion, a separate order shall issue for the deduction of payments from each Plaintiff's prison trust fund account until each respective fee is paid in full. *See* 28 U.S.C. § 1915(b).

Plaintiff Postlewaite is required to file an IFP Motion or prepay a $400.00 filing fee in this action *and* in the case addressing Count 2 by the deadline listed herein.

Plaintiff Cole's IFP Motion and/or filing fee obligation for this action shall attach to the newly severed case addressing Count 6. In addition, Plaintiff Cole is required to file an IFP Motion or prepay the full $400.00 filing fee in each of the other severed cases addressing Counts 7-10 by the deadline listed herein.

**When filing an IFP Motion, each Plaintiff should be careful to list the appropriate case number on the cover page.**

The **CLERK** is **DIRECTED** to provide two (2) copies of the form IFP Motion to Plaintiff Postlewaite and five (5) copies of the form IFP Motion to Plaintiff Cole.

Finally, Plaintiffs are **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their address; the Court will not independently investigate their whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 25, 2014**

*s/J. Phil Gilbert*
**U.S. District Judge**